**ROUTH CRABTREE OLSEN, P.S.**
Edward T. Weber, Esq. #194963
1241 E. Dyer Road, Suite 250
Santa Ana, California 92705
Telephone: (714) 277-4915
Facsimile: (714) 277-4899
eweber@rcolegal.com
File No.: 6598

Attorneys for Plaintiff
DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR HARBORVIEW MORTGAGE
LOAN TRUST 2006-SB1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2006-SB1, its assignees and/or successors in interest,<br><br>PLAINTIFF,<br><br>v.<br><br>JOSEPH IRION and Does 1-50, inclusive,<br><br>DEFENDANTS. | Case No. 3:12-cv-01359-JLS-DHB<br><br>EX PARTE APPLICATION FOR REMAND OF ACTION TO SUPERIOR COURT; DECLARATION OF EDWARD T. WEBER IN SUPPORT THEREOF; [PROPOSED] ORDER<br><br>Date:<br>Time:<br>Dept.: |

I, Edward T. Weber, hereby declare:

1. I am over the age of eighteen years and not a party to this action. I am employed by Routh Crabtree Olsen, P.S., attorneys of record for Plaintiff herein. I am admitted to practice law in all courts in the State of California and admitted to practice in the United States District Court, all districts in the states of California and Arizona. The following facts are true and correct as to my own personal knowledge and belief and if called to testify as a witness in court, I could and would testify competently in such capacity.

2. Plaintiff will and does hereby request an order from the Court remanding this

action back to the Superior Court on the basis that removal to this Court is untimely and improper as there are no issues of federal question under 28 U.S.C. § 1331 or civil rights under 28 U.S.C. § 1443(1) that is to be decided or considered by this Court.

3. This case was initiated on or about June 6, 2012 with the filing of a Notice of Removal, attempting to bring a state court action for Unlawful Detainer to this federal court. On September 14, 2011, Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust 2006-SB1 ("Deutsche Bank") filed its complaint at the San Diego County Superior Court, asserting a single cause of action for Unlawful Detainer.

4. Defendant Joseph Irion ("Defendant"), who filed the instant Notice of Removal, is the prior owner of the real property. The summons and complaint was served on October 5, 2011 by posting and mailing. On October 11, 2011, Defendant filed a Motion to Quash. On October 19, 2011, the Court overruled Defendant's Motion to Quash with five days to answer only. On October 24, 2011, Defendant filed his answer at the Superior Court. The Superior Court set the case for trial on November 21, 2011.

5. On November 18, 2011, three days before trial, Defendant filed his *first* Notice of Removal with the U.S. District Court of the Southern District of District of California, Case No. 11-CV-2696 JLS (WMC). On January 27, 2012, the Honorable Janis L. Sammartino of the U.S. District Court of the Southern District of District of California filed and entered an ***Order Remanding Case***.

6. The Superior Court of California scheduled an unlawful detainer court trial on February 17, 2012.

7. On February 15, 2012, two days before the unlawful detainer trial, Defendant filed a voluntary Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Southern

District of California, Case No. 12-01984-MM13. On May 25, 2012, the Bankruptcy Court **granted Plaintiff's Motion for Relief from Stay** and an **Order Dismissing Chapter 13 Bankruptcy Case**.

8. Thereafter, the Superior Court of California scheduled an unlawful detainer court trial on June 7, 2012.

9. On June 6, 2012, one day before the unlawful detainer trial, Defendant filed his **second Notice of Removal** regarding the same unlawful detainer case presently pending in State Court. True and correct copies of the relevant documents supporting the procedural history of this case as stated above are all attached hereto collectively as **Exhibit "1"** and are incorporated herein by reference as if fully set forth herein.

10. I am proceeding on an ex parte basis and asking that the Court to issue and enter a Remand Order on an expedited basis so that Plaintiff can proceed with its summary unlawful detainer action.

11. The Notice of Removal was filed on June 6, 2012, long after the original Summons period in the underlying Unlawful Detainer action had expired. Further, this Court should properly abstain from hearing a possession action because a) it is untimely; b) it is normally virtually reserved for the exclusive jurisdiction of the Superior Court; c) there are no civil rights nor federal issues of law involved; and d) this case was previously remanded on November 18, 2011 and Defendant's second and latest removal is another delay tactic to prevent Plaintiff from obtaining possession of the subject property.

12. Pursuant to applicable statutes, including but not limited to 28 U.S.C. § 1446(b), a Notice of removal may only be filed, and a case removed, within the initial 30-day Summons period after service of process of the state court action. This is an Unlawful Detainer case which

is entitled to preference in the state court, and which carries with it an initial Summons period of only five (5) days. Defendant was served with the summons on October 5, 2011 and the Notice of Removal was filed on June 6, 2012. Defendant only had those initial five (5) days from October 5, 2011 to remove this matter (if there was a legitimate reason to do so). Even if the Court was to disagree, and if the Court was to allow the normal 30-day period, still in this case, more than thirty (30) days have long since passed.

13. Defendant has no right to attempt to remove the case procedurally at all, thereby making this removal extremely improper. The tactic of trying to remove the case is in bad faith because the motivation is merely to delay an otherwise lawful eviction. The removal is Defendant's latest attempt to delay the eviction and he has no legal reason or cause to do so.

14. The Notice of Removal was filed for an improper purpose, i.e., to delay the eviction. I believe the Notice of Removal will cause a delay in obtaining the writ for possession of the real property. Unlawful Detainer matters are summary in proceeding. If a regularly noticed motion is filed for the remand, it will not be heard for about 28 days or more and the case will be improperly delayed.

15. Removal jurisdiction is governed by statute. *See* 28 U.S.C. §1441. A "strong assumption" against removal jurisdiction exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "If at any time before final judgment appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c); *see FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)("federal courts are under an independent obligation to examine their own jurisdiction").

16. Defendant removed the action to this court on the basis of federal question. "The

party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *In re Ford Motor Co./Citibank*, 264 F.3d 952, 957 (9th Cir. 2001). "[F]ederal jurisdiction exists only when a federal question is present on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction appears on the face of the *plaintiff's complaint*)(emphasis in original). In this case, from the face of Plaintiff's Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. No federal claim is alleged. Defendant has not pointed to, nor can he hope to identify any claim in the unlawful detainer complaint that raises "a question, laws or treaties, of the United States."

17. Defendant's other basis for removal is a civil rights issue under 28 U.S.C. § 1443(1). Commencement of the unlawful detainer action in the Superior Court of San Diego would not result in a denial of Defendant's civil rights. Accordingly, this action is not one that can be removed to this Court under 28 U.S.C. §§ 1331, 1443(1) and should be remanded back to state court.

18. This case does not belong in this Court under any circumstances, but most importantly the case cannot be in this Court because the Notice of Removal is untimely and a removal cannot be effected at this late date. If the case is not remanded, Defendant will obtain the benefit of a delay, which he is not entitled to, and he will be rewarded for his bad faith conduct.

///

///

///

WHEREFORE, Plaintiff respectfully requests that the Court issue an immediate order, for good cause, and remand this case to the Superior Court, sanction Defendant for bad faith filings pursuant to 28 U.S.C. § 1447(c), deem any further removals filed by him as having no impact on the State Court proceeding, and other further relief as the Court deems just and proper.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 8th day of June, 2012 at Santa Ana, California.

ROUTH CRABTREE OLSEN, P.S.

By [signature]
Edward T. Weber, Esq.
Attorneys for Plaintiff

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | ) ss. |
| COUNTY OF ORANGE | ) |

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1241 East Dyer Road, Suite 250, Santa Ana, CA 92705.

On June 8, 2012, I served a copy of the foregoing document described as follows on the interested parties in this action:

**EX PARTE APPLICATION FOR REMAND OF ACTION TO SUPERIOR COURT; DECLARATION OF EDWARD T. WEBER IN SUPPORT THEREOF**

__X__ by placing [ ] the original [X] a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

**Joseph-Russell: Irion**
**11515 Compass Pt. Dr. N., Unit 5**
**San Diego, California 92126**

__X__ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at **Santa Ana, California** in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ **BY OVERNIGHT MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice it would be deposited in the overnight box for [ ] UPS [X] **FEDERAL EXPRESS** on that same day with postage thereon fully prepaid at **Santa Ana, California** in the ordinary course of business.

____ **BY PERSONAL SERVICE:** As Follows: I arranged to have a document delivery service deliver said envelope by hand to the person(s) stated in the **ATTACHED SERVICE LIST**. An additional Proof of Service will be signed by the courier and filed at a later date.

__xx__ **FEDERAL** - I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 8, 2012, at Santa Ana, California.

_____
Crystal Dalton

1